Filed 8/9/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>NATHAN HOWARD MOORE,<br>    Defendant and Appellant. | A167918<br><br>(Mendocino County<br>Super. Ct. No. 22CR02044) |

Nathan Howard Moore pleaded no contest to the charge of stalking in violation of Penal Code section 646.9, subdivision (a).[1]  In this appeal, he challenges his permanent revocation of probation following his admission to a probation violation on the grounds of ineffective assistance of counsel, based on his attorney's failure to request pretrial mental health diversion (§ 1001.36).  We hold that defendant was required to obtain a certificate of probable cause to pursue this appeal.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)  The contrary holding in *People v. Hill* (2021) 59 Cal.App.5th 1190 has been implicitly abrogated by our Supreme Court in *People v. Braden* (2023) 14 Cal.5th 791.  Therefore, we dismiss the appeal because defendant failed to obtain the requisite certificate of probable cause.

---

[1] All statutory references are to the Penal Code.

## BACKGROUND

On September 1, 2022, defendant pleaded no contest to the charge of stalking in violation of section 646.9, subdivision (a). Defendant was sentenced to 36 months of probation and ordered to serve a term in a Mendocino County jail or other approved California correctional facility for 96 days, with credit for 48 days served. After his stalking conviction, defendant violated his probation four times. After defendant admitted his fourth probation violation, the court permanently revoked his probation and sentenced him to two years in prison with credit for 417 days. Defendant filed his notice of appeal on May 19, 2023, indicating that the appeal is based on "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (California Rules of Court, rule 8.304(b)(2)(B).) Defendant did not request or obtain a certificate of probable cause.

## DISCUSSION

Defendant contends that no certificate of probable cause is required to raise his ineffective assistance of counsel claim because his appeal challenges only the trial court's sentencing and not the validity of his plea. Defendant alleges that his counsel was ineffective for failing to request pretrial mental health diversion pursuant to section 1001.36.

Section 1237.5 precludes appeals from convictions upon pleas of guilty or nolo contendere, or revocation of probation following admission of violation, "except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the

2

clerk of the court." (§ 1237.5.) A certificate of probable cause is not required for an appeal from "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (California Rules of Court, rule 8.304(b)(2)(B).)

Defendant contends his "trial counsel was constitutionally ineffective for failing to pursue mental health diversion," and claims he is not challenging the validity of the plea and therefore does not need a certificate of probable cause. Pretrial mental health diversion is governed by section 1001.36. Subdivision (f) states: " 'Pretrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment . . . ." (§ 1001.36, subd. (f).)

In *People v. Braden, supra*, 14 Cal.5th at page 819, our Supreme Court recently held that a defendant's request for pretrial mental health diversion (§ 1001.36, subd. (f)(1)) is timely if made before attachment of jeopardy at trial, or entry of guilty or no contest plea, whichever occurs first. Thus, under *Braden*, an attorney's failure to request pretrial mental health diversion cannot be a "matter occurring after the plea . . . ." (California Rules of Court, rule 8.304(b)(2)(B).)

In *People v. Robinson* (2024) 100 Cal.App.5th 133, our colleagues in Division Four recently addressed the issue of whether a certificate of probable cause is required to appeal from a conviction after a no contest plea based on ineffective assistance of counsel for failure to request pretrial mental health diversion. *Robinson* held that under the rule set forth in *Braden*, "an attorney's failure to request pretrial mental health diversion

3

cannot, by definition, be a 'matter occurring after the plea.'" (*Id.* at p. 136.) Thus, a certificate of probable cause is required. (*Ibid.*)

Defendant relies on the earlier decision in *People v. Hill, supra*, 59 Cal.App.5th 1190, which held that a certificate of probable cause was not required when defendant filed an appeal after entering a no contest plea and later admitting a probation violation, alleging that his counsel was ineffective for failing to pursue mental health diversion. (*Id.* at pp. 1193–1195.) *Hill* was authored by Justice Teri L. Jackson, who is also the author of this opinion. (*Id.* at p. 1192.) *Hill* reasoned that a certificate of probable cause was not required because the defense counsel's failure to request mental health diversion affected the trial court's sentencing discretion relating to section 1001.36 but did not attack the validity of the plea. (*Hill*, at p. 1195.) However, *Hill* was decided before our Supreme Court issued its decision in *Braden*, which clarified that a request for mental health diversion after adjudication by trial or entry of a plea of guilty or no contest is untimely. Thus, an appeal based on a failure of counsel to request mental health diversion is not an appeal from "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (California Rules of Court, rule 8.304(b)(2)(B).) We agree with *Robinson* that *Braden* implicitly abrogated *Hill*. (*People v. Robinson, supra*, 100 Cal.App.5th at p. 136.)

Defendant's appeal based on counsel's alleged ineffective representation in failing to obtain a timely pretrial mental health diversion is not an appeal from "[t]he sentence or other matters occurring after the plea or admission," and it does "affect the validity of the plea . . . ." (California Rules of Court, rule 8.304(b)(2)(B).) Therefore, a certificate of probable cause is required. (§ 1237.5.)

4

## DISPOSITION

The appeal is dismissed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A167918/*People v. Nathan Howard Moore*

5

<u>A167918/People v. Moore</u>

Trial Court:         Superior Court of the County of Mendocino

Trial Judge:        Victoria Shanahan

Counsel:            Charles Marson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Catherine A. Rivlin and Allen R. Crown, Deputy Attorneys General, for Plaintiff and Respondent.